FILED

**NOT FOR PUBLICATION**

FEB 20 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUANE E. LUTTRELL,

           Plaintiff - Appellant,

  v.

NOVARTIS PHARMACEUTICALS
CORPORATION,

           Defendant - Appellee.

No. 12-35893

D.C. No. 2:07-cv-03015-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted February 3, 2014
Seattle, Washington

Before: FISHER, GOULD, and CHRISTEN, Circuit Judges.

    Appellant Duane Luttrell appeals the district court's order granting summary

judgment to Novartis Pharmaceuticals Corporation ("Novartis"). We review a

grant of summary judgment *de novo*. *Lust By and Through Lust v. Merrell Dow*

---

       [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Pharm., Inc.*, 89 F.3d 594, 596 (9th Cir. 1996). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Washington products liability law requires that a plaintiff show proximate cause, composed of both cause in fact and legal causation. *Hartley v. State*, 698 P.2d 77, 82–83 (Wash. 1985). Cause in fact is lacking when an injury would have occurred regardless of the defendant's conduct. *Davis v. Globe Mach. Mfg. Co.*, 684 P.2d 692, 696 (Wash. 1984). When a plaintiff brings an insufficient warning claim against a drug company, the learned intermediary doctrine requires a showing that the prescribing physician, not the patient, would have taken "a different course of action" if better warnings had been issued. *Laisure-Radke v. Par Pharm., Inc.*, 426 F. Supp. 2d 1163, 1174 (W.D. Wash. 2006); *see Adams v. Synthes Spine Co.*, 298 F.3d 1114, 1117 (9th Cir. 2002); *Terhune v. A.H. Robins, Co.*, 577 P.2d 975, 977–78 (Wash. 1978).

Although a jury normally decides a question of causation, it may be decided by a judge when "reasonable minds could reach but one conclusion." *Ruff v. Cnty. of King*, 887 P.2d 886, 889 (Wash. 1995). Here, even assuming that Novartis' warnings were inadequate, we conclude that the district court properly granted summary judgment to Novartis because Luttrell cannot prove proximate cause. Luttrell contends that either he or his doctor would have taken a different course of

action if Novartis had issued better warnings regarding the risks of developing bisphosphonate-related osteonecrosis of the jaw ("BRONJ").  Luttrell did develop osteonecrosis of the jaw ("ONJ") after taking bisphosphonates as part of his treatment for myeloma.  However, in our view, Luttrell cannot prove proximate cause because the prescribing physician resumed Luttrell's bisphosphonate treatment after his development of ONJ and after the filing of this lawsuit.  The record makes clear that the doctor understood the connection between bisphosphonates and the risk of osteonecrosis of the jaw, and that in his medical opinion the benefits of the treatment for the patient outweighed those risks.[1]

**AFFIRMED.**

---

[1] Because the failure of Luttrell to show proximate cause is dispositive, we need not reach the issue of the district court's exclusion of expert testimony.